UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON DARNELL,

    Plaintiff,

v.                                               Case No:   6:15-cv-999-Orl-37TBS

ALEJANDRO RIVERA, ALPHONSO
WILLIAMS and JOHN DOES 1-5,

    Defendants.

## ORDER

This case comes before the Court without a hearing on the following motions:

- Motion of Defendant, Alejandro Rivera, to Compel Production of Mental Health Treatment, and Psychological Test Records from Dr. Dano Leli (Doc. 65); and

- Motion of Defendant, Alejandro Rivera, to Compel Production of Mental Health Treatment Records from Richard J. Stout, MS, NCC, LMHC (Doc. 66).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for redress for the alleged violation of his civil rights, malicious prosecution, false arrest, and civil conspiracy (Doc. 48). He alleges that as a result of these violations he "continues to suffer from nightmares, anxiety, and other psychological disorders." (Id., ¶ 45). Plaintiff seeks, *inter alia*, damages for "substantial psychological harm, pain and suffering requiring constant counseling and medication." (Id.). Based on these and other, similar allegations, Defendant Alejandro Rivera contends that Plaintiff has placed his mental and emotional status at issue (Doc. 65 at 3; Doc. 66 at 3).

Dr. Dano Leli, Ph.D, ABPP performed psychological tests and evaluations of Plaintiff over a period of three days and issued a report of his conclusions based on a

battery of tests, records and interviews (Doc. 65 at 3). Richard J. Stout, MS, NCC, LMHC has evaluated and provided Plaintiff care and treatment for his mental health condition (Doc. 66 at 3). Plaintiff's attorneys anticipate calling Dr. Leli and Mr. Stout as witnesses to testify at trial concerning their client's condition and damages (Doc. 65 at 3; Doc. 66 at 3).

Counsel for Rivera caused subpoenas for the records of Plaintiff's evaluation, care and treatment to be served on Dr. Leli and Mr. Stout (Doc. 65, ¶ 3; Doc. 67-1; Doc. 66, ¶ 3; Doc. 68-1). Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena duces tecum for the production of documents (or other materials) from a nonparty. Bailey Indus., Inc. v. CLJP, Inc., No. 3:10-mc-64/MCR/EMT, 270 F.R.D. 662, 666 (N.D. Fla. Sept. 30, 2010). "The subpoena 'should designate with reasonable particularity the documents, things and [ESI] that are to be produced by the party upon whom it is served.'" Id. (quoting 9A Wright & Miller, Federal Practice & Procedure: Civil 3d § 2457 (2008)). The Court has reviewed the subpoenas and finds that they sufficiently describe the information sought.

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." FED. R. CIV. P. 45(d)(1). The Court has no reason to think the subpoenas served on Dr. Leli and Mr. Stout are unduly burdensome.

A non-party upon whom a subpoena duces tecum is served may file a motion to quash or modify it if the subpoena: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A). Dr. Leli and Mr. Stout failed to file motions to quash or modify the subpoenas.

"A person commanded to produce documents or tangible things … may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials …." FED. R. CIV. P. 45(d)(2)(B). "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Id. The Court is unaware of Dr. Leli and Mr. Stout serving written objections to the subpoenas.

"A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." FED. R. CIV. P. 45(e)(2)(A). Dr. Leli and Mr. Stout have not alleged in this Court that the information in their possession is privileged, and Plaintiff has not asserted a privilege with respect to the information Rivera seeks.

Dr. Leli's response to the subpoena consisted of a report outlining his conclusions; Mr. Stout did not produce any records (Doc. 65, ¶ 3; Doc. 66, ¶ 3). Now, Rivera seeks orders compelling both gentlemen to provide full, complete, and unedited copies of all their records that concern Plaintiff (Doc. 65 at 6; Doc. 66 at 6). Counsel for Plaintiff take no position with respect to these motions or the relief sought (Id.).

Before filing these motions, counsel for Rivera conferred with Dr. Leli who "indicated that the records will not be produced without a court order." (Doc. 65, ¶ 4). The motion directed to Mr. Stout alleges that Mr. Stout "has further all requests that he comply with the subpoena for his records." (Doc. 66, ¶ 4). The Court does not know what to make of this averment. Each motion includes a certificate of service stating that a copy was served on the person who is the subject of the motion (Doc. 65 at 7; Doc. 66 at 7).

Nobody has filed a paper in response to the motions and the time within to do so has expired.

In light of the claims Plaintiff has made and his intent to call Dr. Leli and Mr. Stout as witnesses at the trial, the Court finds that the records these gentlemen possess concerning Plaintiff's evaluation, care and treatment are relevant, material, and discoverable. Federal Rule of Civil Procedure 26(a)(2)(B) requires specific expert witness disclosures in a written report. These disclosures include "the facts or data considered by the witness in forming" his opinions. FED. R. CIV. P. 26(a)(2)(B)(ii). "Under amended Fed. R. Civ. P. 26, which took effect December 1, 1993, all parties and the court should possess full information well in advance of trial on any proposed expert testimony or demonstrative evidence." Robinson v. Missouri Pac. R.R., 16 F.3d 1083, 1089, n.6 (10th Cir. 1994). It can reasonably be assumed if Dr. Leli and Mr. Stout are called to testify, their opinions will be based, in whole or in part, on the information contained in their records. Therefore, counsel for Rivera is entitled to the subpoenaed records to evaluate and challenge the opinions to be offered by these witnesses.

Now, the motions to compel are **GRANTED**. Within 14 days from the date a copy of this Order is delivered to them, Dr. Leli and Mr. Stout shall produce to Rivera's attorney, complete, unedited copies of all their records that concern Plaintiff. It is the responsibility of counsel for Rivera to deliver a copy of this Order on Dr. Leli and Mr. Stout.

**DONE** and **ORDERED** in Orlando, Florida on August 8, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record